C. L. TRENERY, Appellant, v. J. H. SWAN, Administrator.

**Confession of Judgment:** STATUTE OF LIMITATIONS. A statement of
1   indebtedness made as the basis of a judgment by confession upon
    which the clerk omits to enter judgment is yet an obligation to
2   pay upon which a judgment may be obtained; such obligation does
    not bar in five years.

*Appeal from Plymouth District Court.*—HON. SCOTT M.
LADD, Judge.

·TUESDAY, JANUARY 29, 1895.

The defendant is the administrator of the estate of
Fred B. Close, deceased. In the lifetime of Close he
was surety for the plaintiff on an appeal bond, in an
action appealed to this court. In that proceeding
Close paid, as such surety, two hundred and twenty-
six dollars and sixty-two cents. The plaintiff there-
after made his statement for judgment by confession
for the amount, under the provisions of the statute for
entering such a judgment, and the same was by said
Close presented to the clerk for judgment thereon.

The clerk, after filing, entered the statement of record, but neglected to enter judgment on said statement as the law required. This action is in equity, asking that said entries and records be expunged and held to be null and void. The answer, in one division, admits the substance of the averments of fact in the petition, and contains an averment that the amount acknowledged to be due by the statement has not been paid. In another division of the answer, by way of counterclaim, the facts as to the indebtedness, the filing of the statement of judgment, the omission to enter judgment by the clerk, and the fact that the debt has not been paid, are pleaded, and it is asked that such entry be made as will make a full and perfect record of judgment. An amendment to the answer pleads a legalizing act passed by the twenty-third General Assembly as to entering judgments on confession in Plymouth county. A reply pleads the unconstitutionality of the legalizing act, and also the statute of limitations, against defendant's counterclaim. The District Court denied the prayer of the petition, and gave judgment for defendant on his counterclaim. The plaintiff appealed.—*Affirmed.*

*Zink & Roseberry* for appellant.

*Swan, Lawrence & Swan* for appellee.

Granger, J.—I. It seems to us unnecessary to consider any of the many objections made to the validity of the legalizing act. That the statement of indebtedness was made and delivered to Close, to be the basis of a judgment on confession, is not questioned. It is a most solemn admission of an indebtedness, and the only reason that there was not a judgment before the commencement of this suit is because of a mistake

or omission of the clerk of the court.    It is conceded, in the record, that the debt has not been paid.    Plaintiff now asks, after his admission that he has not paid the debt, that his statement of indebtedness be declared void.    There is not an equitable consideration to support such a claim, and the prayer of the petition was rightly denied.    There is a claim that the court could not make a *nunc pro tunc* order in such a case. We do not understand such an order to have been made.    The order for judgment does not appear to be retroactive in its effect, but simply for a present judgment based on the statement of indebtedness. Such a judgment may well be sustained.    If the statement of indebtedness be treated as not having been filed or placed of record, but merely as having been made and delivered to Close, we have an instrument in writing creating a legal obligation to pay, on which a cause of action may be maintained. Every element of a legal obligation is contained in the statement, with the particular facts giving rise to the obligation.    We think the District Court took this view of the record, for its judgment does not purport to be one of confession, but one upon an issue formed by the pleadings showing an obligation for payment.

II.    The claim of appellant, under his plea of the statute of limitations, is that the action is barred in five years, as if brought on the original indebtedness.    It is said that the statement for judgment is "only an admission of the indebtedness of the original cause of action, and not a new cause of action."    The very object of the statement was to create or make a written obligation on which a judgment could be entered.    We do not see how one could more conclusively create a cause of action than by such a statement, made with a view that it should be the basis of a judgment.    Such an act is more than a

mere admission of indebtedness. It is an obligation for payment in writing, giving rise to a cause of action thereon. The judgment of the District Court is *affirmed*.